**Billy Wayne SINCLAIR, Petitioner-Appellant,**

v.

**C. Murray HENDERSON, Respondent-Appellee.**

**No. 30025**

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Nov. 17, 1970.

Billy W. Sinclair, pro se.

Jack P. F. Gremillion, Atty. Gen., Baton Rouge, La., for appellee.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

Billy Wayne Sinclair filed a petition in the nature of a civil rights action in the district court which was denied

---

* ■ Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

without an evidentiary hearing or a response by the defendant.[1] We vacate the judgment below and remand the case for reconsideration on the merits.

Sinclair is an inmate on "Death Row" at the Louisiana State Penitentiary. The gravamen of his complaint is that the conditions maintained on "Death Row" are violative of the Eighth Amendment prohibition against cruel and unusual punishment. In support of his contention appellant alleges that an inmate on Death Row "is only allowed out of his cell fifteen minutes each day during which time he must shave, bath[e], wash his clothing, and get what little physical exercise he can. He is never outside the immediate vicinity of his death cell thus he is denied sunshine and exercise." He avers that he has sustained physical illnesses, as well as pain and suffering, from this treatment.

Appellant further complains that:

"The men must live and eat in a cell where his toilet facilities are located in which many leak and some are constantly bubbling over. The men must drink water that is loaded with rust and it stains everything it touches. Regardless of how much a man cleans and disinfects his cell, he still comes in contact [with] excessive amounts of bacteria. The men are fed from a food cart that is usually filthy and numerous times insects, roaches, or human hair is found in his food and many times the trays he must eat out of are stained with two or three day old grease. Several months past hundreds of small roaches were found nesting in the same bread box from which the men are served because these bread boxes are used week after week thus creating a haven for roaches."

The district court peremptorily denied relief on the ground that the appellant had failed to exhaust his available state remedies. This was error.

 Since this is a petition in the nature of a civil rights complaint rather than a petiton for habeas corpus relief challenging the legality of appellant's conviction, a federal court's assumption of jurisdiction over the matter cannot be declined on the basis of the exhaustion doctrine. Monroe v. Pape, 1961, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492.

Although federal courts are reluctant to interfere with the internal operation and administration of prisons, we believe that the allegations appellant has made go beyond matters exclusively of prison discipline and administration; and that the court below should adjudicate the merits of the appellant's contentions of extreme maltreatment. Jackson v. Bishop, 8th Cir. 1968, .404 F.2d 571; Holt v. Sarver, D.C.E.D.Ark.1970, 309 F.Supp. 362; Jordan v. Fitzharris, D.C. N.D.Calif.1966, 257 F.Supp. 674.

The final order of the district court is vacated and the cause remanded for further proceedings consistent with this opinion.

Vacated and remanded.

---

1. Neither has the defendant-appellee filed a brief in this appeal.